[Cite as *Harris v. Blosfield*, 2020-Ohio-1303.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| MICHAEL HARRIS | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. W. Scott Gwin, J. |
|     Plaintiff-Appellee | Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 2019CA00138 |
| AMANDA BLOSFIELD | |
|     Defendant-Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:    Appeal from the Stark County Court of Common Pleas, Juvenile Division, Case No. 2018 JCV 01062


JUDGMENT:    Affirmed in part; Reversed in part and Remanded


DATE OF JUDGMENT ENTRY:    March 31, 2020


APPEARANCES:


For Plaintiff-Appellee, pro se    For Defendant-Appellant, pro se

MICHAEL HARRIS    AMANDA BLOSFIELD
557 – 23RD Street, NW    17 Maple Avenue, SE
Massillon, Ohio  44646    Massillon, Ohio  44646

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Amanda E. Blosfield ("Mother") appeals the August 22, 2019 Judgment Entry entered by the Stark County Court of Common Pleas, Juvenile Division, which calculated child support to be paid by plaintiff-appellee Michael B. Harris ("Father").

STATEMENT OF THE CASE AND FACTS

**{¶2}** Mother and Father are the biological parents of the minor child ("the Child").[1] The parties have never been married. Paternity of the Child was established administratively through genetic testing.

**{¶3}** On September 24, 2018, Father filed a Complaint for Parentage, Allocation of Parental Rights and Responsibility, and Parenting Time; Custody Affidavit; Affidavit of Health Insurance; Financial Affidavit; and Uniform Child Custody Affidavit. The parties completed the mandatory Working Together for Kids parenting seminar as ordered by the trial court. The trial court appointed Attorney Cristina Eoff as Guardian ad Litem for the Child.

**{¶4}** Attorney Eoff filed her Guardian Ad Litem Report on March 27, 2019. Father filed a Motion to Adopt Proposed Shared Parenting Agreement on April 2, 2019. The trial court scheduled the matter for trial on Father's Complaint as well as his April 2, 2019 motion for June 5, 2019. On the day of trial, the parties advised the court they had reached an agreement as to all pending issues. The parties filed an Agreed Shared Parenting Order on June 25, 2019. Pursuant to the Order, CSEA was to calculate child support.

---

[1] Father has not filed a Brief in this appeal.

**{¶5}**  On July 5, 2019, Stark County Job and Family Services ("SCJFS") filed a motion to set aside/reconsider the Agreed Shared Parenting Order.  Therein, SCJFS advised the trial court the Agreed Shared Parenting Order was improper as it deprived the parties of the opportunity to present evidence.   Via Judgment Entry filed August 7, 2019, the trial court granted SCJFS's motion and ordered counsel for the parties to modify the Shared Parenting Agreement and calculate the proper child support guideline worksheet.  The parties filed their respective Child Support Guideline Worksheets on August 21, 2019.  On his worksheet, Father adjusted his gross income downward by $3,848.00, his annual out-of-pocket health insurance premiums.  Father did not adjust downward Mother's income by her out-of-pocket health insurance premiums.  On her worksheet, Mother adjusted her income downward by $3,066.44, her annual out-of-pocket health insurance premiums.  She did not include a deduction for Father's out-of-pocket health insurance premiums or her own child care expenses.

**{¶6}**  Via Judgment Entry filed August 22, 2019, the trial court ordered Father to pay child support in the amount of $289.33 plus processing fees, which included $16/month cash medical support.

**{¶7}**  It is from this judgment entry Mother appeals, raising the following assignment of error:

THE COURT ERRED WHEN CALCULATING THE AMOUNT OF CHILD SUPPORT THAT THE FATHER MUST PAY FOR THE MINOR CHILD.

**{¶8}** Mother contends the trial court erred in calculating Father's child support obligation as the trial court failed to adjust her income by her out-of-pocket health insurance premiums and child care expenses.

**{¶9}** In its August 22, 2019 Judgment Entry, the trial court made the following findings:

Counsel presented guideline worksheets. Each attorney included overtime for the other party, extrapolated out, and no overtime for their client, even though both parties had overtime on the pay stubs submitted. Errors are found in each proposed worksheet. Mother's worksheet did not give Father credit for other children in his home and the health insurance calculation is inaccurate. Father's worksheet provided a 66% deviation when in his own documentation admits it should be a 39% deviation. Therefore, the court calculated child support with and without overtime for the parties. The court is adopting the worksheet without overtime for either party as the court has no evidence that the overtime is recurring or shall continue. The difference between using overtime and no overtime amounts to $11 per month. A deviation of 39% for additional parenting time is accurate and approved. The effective date of the child support order remains January 1, 2019, as the parties agreed.

**{¶10}** On the Child Support Worksheet attached to its August 22, 2019 Judgment Entry, the trial court made an adjustment in the amount of $3,848.00, for Father's out-of-

pocket insurance premiums, but did not make a comparable adjustment for Mother's out-of-pocket insurance premiums. The parties' paystubs are part of the record in this matter. Mother's paystub establishes she pays $112.07 every two weeks for health insurance, including vision and dental. Although the trial court noted "the health insurance calculation [on Mother's worksheet] is inaccurate", it did not indicate what the accurate calculation should be, if any, for Mother.

{¶11} As Mother presented evidence to the trial court establishing her bi-monthly out-of-pocket expenditure for health insurance, we find the trial court erred in failing to adjust Mother's gross income on the Child Support Worksheet by said amount. However, we find the trial court did not err in failing to adjust Mother's gross income by her child care expenses. On the worksheet she submitted to the trial court, Mother did not include any adjustment for child care expenses. Mother also has failed to identify where in the record she presented evidence or testimony to the trial court relative to her child care expenses. Further, the affidavit attached to Mother's Brief to this Court cannot be considered as it was not in the record before the trial court. We find there was no evidence of Mother's actual child care expenses before the trial court.

{¶12} Mother's sole assignment of error is sustained, in part, and overruled, in part.

**{¶13}** The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed in part, reversed in part, and the matter is remanded for recalculation of child support consistent with this Opinion and the law.

By: Hoffman, P.J.

Gwin, J.  and

Wise, Earle, J. concur